**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-17-122-8-SLP |
| ) | |
| ARMANDO J. LIRA JIMENEZ, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's pro se Motion for Reduction in Sentence Under Title 18 U.S.C. § 3582(c)(1)(a)(i) and the First Step Act Provisions of 21 U.S.C. § 851(e) [Doc. No. 869]. For the reasons that follow, Defendant's Motion is DENIED.

**I.    Background**

On April 11, 2018, Defendant pled guilty to Count 88, possession with intent to distribute methamphetamine, in violation of 18 U.S.C. § 841(a)(1), and County 106, money laundering and aiding and abetting, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2. Doc. Nos. 449-451. On November 8, 2018, the Court sentenced Defendant to 120 months' imprisonment on each count, to be served concurrently. Doc. Nos. 688, 690, 691. Count 88 required the imposition of a mandatory minimum sentence of at least 10 years in prison. *See* 21 U.S.C. § 841(b)(1)(A).

Citing 21 U.S.C. § 851(e), Defendant contends extraordinary and compelling reasons warrant a reduction in sentence because "the prior Drug Offense for which the Government had relied upon was in fact denied by this Petitioner before the pronouncement

of his Sentence . . ." *Id*. at 2.

## II.     Governing Standard

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id*. at 1043.[1]

## III.    Discussion

"Effective November 2023, the Sentencing Commission amended its policy statement regarding motions for compassionate release to add several new grounds that constitute extraordinary and compelling reasons." *United States v. Cleveland*, No. 24-5025, 2024 WL 4553795, at *1 (10th Cir. Oct. 23, 2024). One of those new grounds provides for relief where the Defendant "has served at least 10 years of an 'unusually long

---

[1] There is no indication that Defendant has exhausted his administrative remedies. But the Government has not responded to Defendant's Motion and, therefore, the issue of exhaustion is not properly before the Court. *See United States v. Moreira*, No. 20-3251, 2022 WL 2951943 at *5 (10th Cir. July 26, 2022) ("[I]f the government does not argue exhaustion before the district court, that argument ordinarily is not preserved – regardless of whether a movant 'failed to provide proof that he exhausted his administrative remedies.'" (quoting *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021)).

sentence' and a change in the law (other than a nonretroactive amendment to the sentencing guidelines) 'would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed.'" *Id.* (quoting U.S.S.G. § 1B1.13(b)(6)).  Defendant appears to seek relief pursuant to this provision.

But Defendant's Motion is without merit.  Defendant received 10-year concurrent sentences (which he has yet to fully serve) and he fails to sufficiently allege that those sentences are unusually long.  Moreover, Defendant fails to cite any change in the law that would produce a gross disparity between his current sentences and any sentence likely to be imposed today.

Defendant incorrectly asserts that the Indictment (and/or Superseding Indictment) cited 21 U.S.C. § 851(e) as a charged offense.  *See* Doc. No. 869 at 2.[2]  He claims his sentence should not have been enhanced based on a prior conviction of a serious drug felony.  *Id.*  But the record does not support his claim.  He did not receive any such enhancement.  To the contrary, as set forth in the presentence investigation report (PSR), the instant offense "appears to be his first drug-related offense."  *See* PSR [Doc. No. 665], ¶ 102.  Because Defendant argues no other grounds in support of his Motion, he fails to establish that extraordinary and compelling reasons warrant a sentence reduction.

---

[2] When a defendant has prior convictions of certain types, the government may seek an enhanced sentence if it files an information before trial. *See* 21 U.S.C. § 851. Section 851 requires that the government state in writing the previous convictions to be relied upon and "provides a procedural mechanism to notify the defendant of the allegation of prior convictions and to allow him an opportunity to challenge those convictions." *United States v. Fulton*, 433 F. App'x 692 (10th Cir. 2011) (citations omitted); *see* 21 U.S.C. § 851(a)-(c).  Here, the Government did not seek any enhancement pursuant to § 851.

## IV.     Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion for Reduction in Sentence Under Title 18 U.S.C. § 3582(c)(1)(a)(i) and the First Step Act Provisions of 21 U.S.C. § 851(e) [Doc. No. 869] is DENIED.

IT IS SO ORDERED this 30th day of October, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE