**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-17-122-8-SLP |
| ) | |
| ARMANDO J. LIRA JIMENEZ, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's pro se Motion to Reduce Sentence [Doc. No. 836]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 841] and opposes the requested relief. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 839]. For the reasons that follow, Defendant's Motion to Reduce Sentence is DISMISSED.

**I.   Background**

On April 11, 2018, Defendant pled guilty to possession with intent to distribute methamphetamine, in violation of 18 U.S.C. § 841(a)(1) and money laundering and aiding and abetting, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2. Doc. Nos. 449-451. On September 26, 2018, the United States Probation Office filed its Final Presentence Investigation Report (PSR). Doc. No. 665. The PSR calculated a base offense level of 38, for both counts, plus a two-level enhancement because Defendant was

convicted under 18 U.S.C. § 1956. *Id.*, ¶¶ 28-34, 35. This resulted in an adjusted offense level of 40. *Id.*, ¶ 39. After applying a three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 37. *Id.*, ¶¶ 43-45.

The PSR calculated a criminal history score of seven. *Id.*, ¶ 52. Because Defendant committed the offense while under a criminal justice sentence, two points (status points) were added resulting in a criminal history score of nine and placing Defendant in a criminal history category of IV. *Id.*, ¶¶ 53-54. Combining Defendant's total offense level of 37 and criminal history category of IV, the PSR recommended a guideline range of 292 to 365 months' imprisonment. *Id.*, ¶ 79. Neither the United States nor Defendant objected to the PSR. *Id.* at 25.

The Court adopted the PSR without change, varied downward and sentenced Defendant to 120 months' imprisonment on each count, to be served concurrently. Doc. Nos. 688, 690, 691.

On October 16, 2023, Defendant filed the pending Motion. He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821.

**II.     Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in the offense level if he or she meets all ten of the listed criteria.[1]

---

[1] Those ten criteria are:
  (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
  (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
  (3) the defendant did not use violence or credible threats of violence in connection with the offense;
  (4) the offense did not result in death or serious bodily injury;
  (5) the instant offense of conviction is not a sex offense;
  (6) the defendant did not personally cause substantial financial hardship;

3

### III. <u>Analysis</u>

Defendant argues that he has zero criminal history points, and, therefore, is a zero-point offender entitled to a decrease in two offense levels. But, as set forth above, Defendant is incorrect. Defendant had a total of seven criminal history points before his two status points were added. PSR, ¶¶ 52-53.

Moreover, as the Government sets forth, although Defendant does not address Amendment 821 (Part A), he is ineligible for relief under that provision as well. Amendment 821 (Part A) reduces the number of status points to one if a defendant has seven or more criminal history points. Thus, Defendant's status points are reduced to one, for a total criminal history score of eight instead of nine. With a total criminal history score of eight, Defendant remains a criminal history category of IV, with the same guideline range of 292 to 365 months. Because his reduction in status points does not result in a different sentencing range, he is ineligible for a sentence reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B); *see also United States v. Dryden*, 563 F.3d 1168, 1170-71 (10th Cir.

---

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

2009).

For the reasons set forth, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) and Amendment 821. Accordingly, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion to Reduce Sentence [Doc. No. 836] is DISMISSED.

IT IS SO ORDERED this 30th day of October, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE